## LEDYARD v. AUDITOR GENERAL.

TAX SALES—AUDITOR GENERAL'S PETITION—DELAY IN FILING—
ORDER OF HEARING—VALIDITY OF DECREE.

> Under section 62 of the tax law of 1893 (Act No. 206, Pub.
> Acts 1893), providing that the order of hearing on the
> auditor general's petition for the sale of delinquent lands
> (publication of which petition and order is by section 66 made
> equivalent to personal service) shall contain a provision that
> persons desiring to contest the lien of the State shall file their
> objections thereto on or before the first day of the term at
> which the petition is to be heard, a decree of sale is void
> where the petition was not filed until after the beginning of
> the term at which the decree was entered.

Appeal from Wayne; Carpenter, Frazer, and Hosmer,
JJ. Submitted January 6, 1899. Decided July 11, 1899.

Petition by Matilda C. Ledyard against Roscoe D.
Dix, auditor general, and Harry E. Culverwell, to set
aside a tax sale. From a decree for petitioner, defendants
appeal. Affirmed.

*Russel & Campbell*, for petitioner.

*Fred A. Maynard*, ex-Attorney General, and *Avery
Bros. & Walsh*, for defendant auditor general.

*Cyrus A. Hovey*, for defendant Culverwell.

MOORE, J. Petitioner was the owner of real property in
Detroit valued at about $15,000. She had sold the prop-
erty on contract to George W. Robinson, and at the time
of the sale of the property for taxes, as hereinafter stated,
there was due upon the contract $7,500. Under the terms
of the contract, the taxes were to be paid by Robinson.
In 1893 there was levied and assessed upon the property
the sum of $23.20, state and county taxes for that year.

Under the contract, it was the duty of Robinson to pay them. He neglected to do so, and the property was advertised for sale; and the petitioner, discovering that the taxes were unpaid and that the property was advertised for sale, notified Robinson, and requested him to pay them. Subsequently, and within a few days of the time when the property was to have been sold, Robinson notified the petitioner that he had paid the taxes; and thereafter she paid no further attention to the matter, until in the month of April, 1897, after the time for redemption had expired, when it was discovered that said taxes had not been paid, but that the property had been sold upon the 2d day of December, 1895, and that R. D. Bradley had become the purchaser thereof, receiving certificate of sale No. 1570 therefor. This certificate was subsequently assigned to defendant Culverwell, who now holds the same. On the 15th day of April, 1897, petitioner applied to the auditor general to set aside and cancel the sale, offering to pay the tax. This petition was denied. No deed of the property has been executed to the purchaser by the auditor general. The petitioner thereupon filed this petition, offering to pay the tax and costs, and asking that the sale be set aside on equitable grounds, and also because the record shows that the proceedings had are void for want of jurisdiction. The court below granted the prayer of the petition. The defendants have brought the case here by appeal.

Many reasons are assigned in the petition which it is said invalidate the sale. We shall discuss but one of them. The petition of the auditor general, praying for a sale of the land in controversy, was made September 25, 1895. The circuit judge made an order fixing the date of hearing upon this petition for the 9th day of November, 1895. The decree was entered November 18, 1895. The terms of court in Wayne county commenced January 3d, April 4th, June 6th, and September 12th. It will be seen that the petition was not filed until after the September term began. The order fixed a date in the September term for

the hearing. Section 62, Act No. 206, Pub. Acts 1893, prescribes the form of the order of hearing which shall be made by the circuit judge, which order states when the petition shall be brought on to be heard, and contains this language:

"All persons interested in such lands, or any part thereof, desiring to contest the lien claimed thereon by the State of Michigan for such taxes, interest, and charges, or any part thereof, shall appear in said court, and file with the clerk thereof, acting as register in chancery, their objections thereto, on or before the first day of the term of this court above mentioned, and, in default thereof, the same will be taken as confessed, and a decree will be taken," etc.

Section 66 provides that the publication of the order and petition shall be equivalent to a personal service of notice. The same section provides that the court shall give precedence to the hearing of the petition over all other business. Section 70 provides that on the first Monday of December the county treasurer shall commence the sale of the lands mentioned in the decree.

It is apparent that section 62 gives the right to a property owner to have until the commencement of the next term after the petition is filed to make his contest. It is an axiom of law that a litigant is entitled to his day in court. Ordinarily he is brought into court, when he is a resident of the jurisdiction, by personal service. Section 66 undertakes to bring him in by substituted service. We upheld this provision of the statute in *Muirhead* v. *Sands*, 111 Mich. 487, where this language is used: -

"The statute makes the publication the equivalent of personal service, and it is therefore the duty of the owner to watch the proceedings provided for by the statute for the foreclosure of the lien, and interpose any objection he may have to the validity of the tax.   *   *   *   Under the law of 1893, no personal service is required. The notice by publication is notice to all landowners within the county."

The record shows that on June 20th the auditor general

designated the Detroit Tribune as the paper in which the order and petition should be published. The taxpayer is presumed to know the law. If he does, he knows the provisions of section 62. He also knew the next term of the Wayne circuit court, after the order of designation of the newspaper was made, would commence early in September. If he watches the columns of the paper designated as the one in which the notice of hearing is to be published, until the commencement of the term of court, and no notice of the hearing of tax cases for that term is published, has he not a right to assume that no hearing will be had until a subsequent term? We think that question must be answered in the affirmative. If the statute provides the manner of a substituted service, and that it shall stand in the place of a personal service, the provisions of the statute must be substantially complied with. It is urged that to so hold in this case is to compel the State to carry the taxes of the wealthy county of Wayne for another year. It is an answer to that argument to say there was ample time for the auditor general, after June 1st, to prepare his petition, and have the hearing fixed at the opening of the September term.

The decree of the court below is affirmed.

The other Justices concurred.